FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL L. ROBERTSON, | No. 11-35836 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05571-RAJ |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 7, 2012[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and FITZGERALD, District Judge.[***]

-------

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

Cheryl L. Robertson ("Robertson") appeals the district court's decision affirming an administrative law judge's denial of disability insurance benefits and supplemental social security income under Titles II and XVI of the Social Security Act. Robertson contends that the administrative law judge erred in determining that Robertson could perform jobs that exist in significant numbers in the national economy when the effects of her substance abuse disorders were excluded. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

"A decision to deny benefits will only be disturbed if it is not supported by 'substantial evidence or it is based on legal error.'" Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (quoting Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)). "Substantial evidence is defined as 'more than a mere scintilla but less than a preponderance.'" Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999) (citation omitted).

There is substantial evidence in the record to support the administrative law judge's conclusion that Robertson suffered from impairments but they did not fit within a listing that is presumptively disabling when excluding the effects of her drug addiction. 20 C.F.R. §§ 404.1535, 416.935. The ALJ did not improperly disregard any medical or lay opinions because the evaluations on record establish

2

that Robertson responded well to treatment for her addiction except when she self-medicated through abuse of prescription drugs. These historical treatment records provided a specific and legitimate reason for the ALJ to accord less weight to isolated statements indicating Robertson would have trouble working in certain environments. See Tommasetti v. Astrue, 533 F.3d 1035, 1040-42 (9th Cir. 2008). Despite according them less weight, the ALJ nonetheless incorporated those statements into her determination of Robertson's residual functional capacity. Finally, the ALJ provided clear and convincing reasons to support her conclusion that Robertson was not fully credible. See id. at 1039-40.

Accordingly, the district court correctly affirmed the final decision of the Commissioner of the Social Security Administration. In light of these findings, we AFFIRM the district court's decision and dismissal of the action with prejudice.